# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2023

Lyle W. Cayce
Clerk

No. 22-30620

United States of America,

*Plaintiff—Appellee*,

*versus*

Jarvis Pierre,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CR-263-1

_____

Before Richman, *Chief Judge*, and Jones and Ho, *Circuit Judges*.
Per Curiam:[*]

Jarvis Pierre appeals his sentence of 110 months in prison for assaulting an officer. At issue is whether the district court erred by applying the sentencing guideline for Aggravated Assault instead of the guideline for Obstructing or Impeding Officers. Finding no reversable error, we AFFIRM.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30620

## I. Background

In September 2021, Pierre was awaiting sentencing in a Louisiana jail for a federal drug and firearm conviction. Five seconds after a jailer opened his cell door to deliver his daily medication, Pierre attacked, striking the jailer's head and torso with his fist, throwing the jailer to the ground, and placing him in a chokehold before striking him some more. Pierre's flurry of punches broke the jailer's nose and knocked him temporarily unconscious. As a result, the jailer received medical care, including a CT scan, from a local emergency room.

A jury convicted Pierre of "Assaulting, resisting, or impeding certain officers or employees," in violation of 18 U.S.C. § 111(a)(1) and (b). Relying upon the aggravated assault guideline at U.S.S.G. § 2A2.2, the presentence report (PSR) calculated Pierre's base offense level as 14. After a three-level increase pursuant to § 2A2.2(b)(3)(A) because the victim sustained bodily injury, a two-level increase because Pierre was convicted under § 111(b), and a six-level increase because the victim was a corrections officer, his total offense level was 25. With a criminal history category of VI, the PSR determined that his sentencing range was 110 to 137 months of imprisonment.

At sentencing, Pierre objected to the application of § 2A2.2 to determine his base offense level rather than the guideline pertaining to obstructing or impeding officers found in U.S.S.G. § 2A2.4. After considering the statements of counsel and the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Pierre to 110 months of imprisonment and three years of supervised release. Pierre filed a timely notice of appeal.

## II. Discussion

Pierre contends that the district court erred in applying § 2A2.2 rather than § 2A2.4. Specifically, he argues that because his underlying offense did

not involve serious bodily injury, the district court erred in applying the aggravated assault guideline.

This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Blanco*, 27 F.4th 375, 382 (5th Cir. 2022). There is no clear error if a factual finding is plausible in light of the record as a whole. *Blanco*, *Id.*

The Guidelines' statutory index lists two possible guidelines for violations of 18 U.S.C. § 111: U.S.S.G. § 2A2.2 or U.S.S.G. § 2A2.4. *See* U.S.S.G. App. A. In determining which guideline provision to apply, "the district court must select the most appropriate section based upon the nature of conduct charged in the count for which the defendant was convicted." *United States v. Grant*, 850 F.3d 209, 219 (5th Cir. 2017) (internal quotation marks and citation omitted). Section 2A2.4 is the guideline for obstructing or impeding officers and provides for a base offense level of 10. Section 2A2.2 is the guideline for aggravated assault and calls for a base offense level of 14. The Guidelines explicitly state that if the conduct underlying the offense constitutes aggravated assault, § 2A2.2 should be applied. § 2A2.4(c). "Aggravated assault" is further defined as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony." § 2A2.2, comment. (n.1) (italics omitted).

Further, "serious bodily injury" is defined as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1,

comment. (n.1(M)).    And strangling is "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck . . . ."    18 U.S.C. § 113(b)(4).

The Government argues that the aggravated assault guideline was appropriate for two independent reasons: first, because Pierre inflicted serious bodily injury upon the jailer by breaking his nose and knocking him out; and second, because video shows Pierre attempting to strangle the jailer.

Here, Pierre punched the jailer in the face repeatedly and appeared to place the jailer in a chokehold (see images below).



The jailer was momentarily knocked out and suffered a broken nose. He was treated for his injuries at an emergency room. Based on these record facts, the district court plausibly could have found that the jailer sustained serious bodily injury under the Guidelines or that Pierre attempted to strangle the jailer. Either would support the district court's application of the aggravated assault guideline.

AFFIRMED.